UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN REINER, | CASE NO. CV 12-08649 JST (RZ) |
| Plaintiff, | |
| vs. | ORDER – <br> 1. TO SHOW CAUSE RE *ROOKER-FELDMAN* and |
| STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS, ET AL., | *YOUNGER* DOCTRINES; and <br> 2. STAYING ACTION |
| Defendants. | |

The *pro se* plaintiff is a workers' compensation (WC) defense attorney. He alleges that one of the claims he was challenging in proceedings before the state Workers' Compensation Appeals Board (WCAB) proved to be fraudulent, or at least fraudulently amplified, due to the dishonesty of the claimant's lawyer. Plaintiff not only was unsuccessful in proving the fraud but also was ordered to pay substantial sanctions. Plaintiff unsuccessfully sought writs of review in the California Court of Appeal and California Supreme Court. He now turns to this federal district court, asserting among other things that the conduct for which he was sanctioned was free speech protected by the First Amendment. But what he truly is doing is seeking federal review of an adverse state ruling.

Litigants may not seek to appeal, or otherwise relitigate, state-court losses in federal district courts. Federal jurisdiction over appeals from state courts lies exclusively

in the Supreme Court and is beyond the original jurisdiction of federal district courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct.149, 68 L.Ed.2d 362 (1923). This jurisdictional bar also excludes claims that are "inextricably intertwined" with those a state court has already decided. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Taken together, these holdings have come to be known as the *Rooker-Feldman* doctrine, which today is understood to mean that a party who loses in the state courts is barred from seeking what, in effect, would be appellate review of the state judgment in a federal district court. *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). This rule applies even when the challenge to the judgment involves federal constitutional issues. *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994).

In addition, federal courts may abstain from actions – even if they technically do have jurisdiction – that implicate state legal proceedings that (1) are ongoing, (2) involve important state interests, and (3) provide the plaintiff with an adequate opportunity to litigate the very federal claims he seeks to litigate in federal court. This is commonly called "*Younger* abstention." *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *San Remo Hotel v. City & County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

The Court ORDERS Plaintiff to show cause in writing, by no later than 30 days from the filing date of this Order, why this action should not be dismissed without prejudice pursuant to the *Rooker-Feldman* doctrine and/or *Younger* abstention.

Plaintiff shall serve a copy of this Order on Defendants in conjunction with service of process, or, if process already has been served, he shall serve a copy of the Order on each already-served Defendant forthwith.

///
///
///

1 | Pending resolution of this Order To Show Cause, the Court STAYS this
2 | action. No Defendant served with process need file any first paper until the stay is vacated.
3 | IT IS SO ORDERED.

5 | DATED:   October 17, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE